

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- X
HECTOR CHEBERE,

            Petitioner,         :     04 Civ. 296 (LAP)
                                  :
        -against-          :     <u>MEMORANDUM & ORDER</u>
                                  :
WILLIAM PHILLIPS,            :
                                  :
           Respondent.       :
---------------------------------- X

LORETTA A. PRESKA, Chief United States District Judge:

     <u>Pro se</u> petitioner, Hector Chebere ("Chebere" or
"Petitioner") filed a Petition for a Writ of Habeas Corpus,
pursuant to 28 U.S.C. § 2254, on September 6, 2003, seeking
relief from his 1998 conviction in the Supreme Court of the
State of New York.  (Amended Petition for a Writ of Habeas
Corpus pursuant to 28 U.S.C. § 2254, ("Petition" or "§ 2254
Petition") [dkt. no. 2].) On Nov. 2, 2011, Magistrate Judge
Debra C. Freeman issued a Report & Recommendation, recommending
that the Petition be denied.  ("R&R" or "Report") [dkt. no. 28].
For the reasons set forth below, the R&R is adopted and the
Petition is DENIED.

BACKGROUND

I.  <u>Petitioner's Conviction</u>

     Upon a jury verdict, Petitioner was found guilty of two
counts of Murder in the Second Degree, in violation of N.Y.
Penal Law § 125.25[1] and [3], one count of Robbery in the First

Degree, in violation of N.Y. Penal Law § 160.15[2], one count of Robbery in the Second Degree, in violation of N.Y. Penal Law § 160.10[1], and one count of Kidnapping in the Second Degree, in violation of N.Y. Penal Law § 135.20.  (R&R at 9.)  He was sentenced to 22 years to life on both murder counts, 12 and one-half to 25 years for first-degree robbery, five to 15 years for second-degree robbery, and eight and one-third to 25 years for second-degree kidnapping, all sentences to run concurrently. (Id. at 2.)

II.  Petitioner's Motions Prior to this Habeas Petition

On August 1, 2001, Petitioner filed a direct appeal, and the Appellate Division unanimously affirmed the judgment convicting Petitioner.  (R&R at 9.)  In addition to filing a direct appeal, Petitioner, proceeding pro se, filed a motion to vacate his conviction pursuant to New York C.P.L.R. § 440.10(1) ("Section 440") on April 3, 1999.  (Id. at 11.)  The trial court denied Petitioner's Section 440 motion in its entirety.  (Id. at 12.)

In July 1999, while Petitioner's motion to vacate was pending, Petitioner pursued Freedom of Information Law ("FOIL") requests for evidence to support his motion, specifically asking that the District Attorney of Bronx County ("DA's Office") disclose documents relating to Nick Quinones, one of the prosecution's witnesses at Petitioner's trial.  (R&R at 14.)

2

The DA's Office did not disclose all the documents, although it disclosed 481 documents. (Id.) Petitioner then filed an Article 78 Petition challenging the DA's Office's position that certain documents were appropriately withheld. (Id.) The Court dismissed the Article 78 petition, and did not require any further disclosure from the DA's Office. (Id.)

On December 8, 2003, Petitioner moved to renew his prior Section 440 motion to vacate on the ground that his FOIL litigation had, according to Petitioner, revealed evidence that the prosecutor had in fact withheld exculpatory evidence. (R&R at 14.) The trial court denied Petitioner's motion to renew on the ground that he had not presented any newly discovered evidence. (Id. at 15.)

Although the trial court initially dismissed Petitioner's Article 78 challenging the DA's Office's decision to withhold certain documents, the Appellate Division reversed in 2004, and remanded the matter for an in camera inspection of the withheld the documents. (R&R at 15.) The trial court inspected the documents and determined that only certain documents were exempt from disclosure under FOIL. (Id.)

On May 5, 2006, Petitioner moved, for a second time, to renew his motion to vacate his conviction under Section 440. (R&R at 16.) The trial court denied Petitioner's motion. (Id. at 17.)

3

By letter dated December 12, 2007, Petitioner submitted a second FOIL request requesting documents about Quinones.  (R&R at 17.)  The City Department of Investigation ("DOI") denied his request. Petitioner appealed the denial, and DOI denied his appeal.  (Id. at 18.)

### III.  The Habeas Petition

Petitioner's Section 2254 petition asserted thirteen claims: (1) Petitioner's conviction was against the weight of the evidence and/or was based on insufficient evidence (§ 2254 Petition Attachment at 1); (2) Petitioner's conviction was based upon the "false" testimony of James Venson, which was the result of prosecutorial misconduct and violated Petitioner's due process rights (id.); (3) Petitioner was improperly prejudiced by the introduction of unnecessarily excessive evidence of his purported involvement in the drug trade (id.); (4) Petitioner was improperly cross-examined about highly prejudicial and non-probative allegations that he had abused his pregnant girlfriend (id.); (5) the trial court unjustifiably limited Petitioner's trial counsel's summation (id.); (6) the trial court's alibi instruction was improper because it failed to explain that Petitioner "had no burden to prove that he was not the person who committed the crime" (id.); (7) Petitioner's sentence was excessive (id.); (8) the prosecution withheld Brady materials regarding its alleged agreements with cooperating witnesses

4

(id.); (9) the prosecution elicited false testimony from cooperating witnesses (id.); (10) Petitioner received ineffective assistance of trial counsel because his counsel did not, prior to trial, adequately investigate the crime scene or interview certain witnesses (id. at 2); (11) the double jeopardy clause prevents Petitioner from being retried (id.); (12) Petitioner was denied a "full and fair" hearing regarding the prosecution's alleged withholding of Brady material, in violation of his due process rights (id.); and, (13) Petitioner received ineffective assistance of counsel when his trial counsel failed to explore fully the circumstances surrounding Nick Quinones' testimony  (id.).

IV.   The Report & Recommendation

On November 1, 2011, United States Magistrate Judge Debra Freeman issued a Report & Recommendation.  In the Report, Judge Freeman divided Petitioner's claims according to when they had been raised previously in other motions, if at all.  (R&R at 24-25.)  Judge Freeman determined the following:  the first five claims were made by Petitioner on his direct appeal, claims 8 through 11 were raised by Petitioner in his Section 440 Motion, and the last two claims were newly added for this habeas petition.  (Id. at 24.)  Judge Freeman concluded that each of the claims should be dismissed, either as procedurally barred, non-cognizable, or without merit.  (Id. at 25.)

5

V.   Petitioner's Objections

By letter dated April 2, 2013, Petitioner filed objections to the Report.  (Petitioner's Objection to Magistrate Judge's Report and Recommendation ("Petitioner's Objections") [dkt. no. 32].)  In his objections to the Report, Petitioner states that he objects to "each and every recommendation contained in said R[&]R."  (Petitioner's Objections at 1.)  However, Petitioner does not present this Court with new arguments.  Overall, Petitioner's Objections to the Report consist of a reiteration of the claims he had previously made in his § 2254 Petition.

ANALYSIS

I. Standard of Review

When reviewing a magistrate judge's Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings.  Id.; see United States v. Male Juvenile, 121 F.3d 34, 38 (2d. Cir 1997).  When a party makes conclusory or general objections, or simply reiterates the original arguments, the Court will review the report only for clear error.  See, e.g., Frankel v. City of New York, Nos. 06 Civ. 5450 & 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009).

II. Individual Analysis of Petitioner's Claims

A. Claims Raised by Petitioner on his Direct Appeal

   1. Claim 1: Insufficient or Against the Evidence

     Petitioner's first claim contains two allegations:
(1) challenging the weight of the evidence, and (2) challenging
the sufficiency of the evidence. (§ 2254 Petition, Attachment
at 1.)  In the Report, Judge Freeman evaluates each allegation
and recommends dismissal. (R&R at 29.)  Since the weight of the
evidence allegation is a claim grounded in state law, it is not
available for federal review. 28 U.S.C. § 2254(a) (permitting
habeas federal review if Petitioner alleges he is in custody in
violation of "the Constitution or laws or treaties of the United
States").  As to the alleged insufficiency of the evidence,
applying the standard of review set forth in the Antiterrorism
and Effective Death Penalty Act ("AEDPA"), Petitioner can be
granted habeas relief only if this Court finds that, when
viewing the evidence most favorably to the prosecution, no
rational jury could find guilt beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307, 324 (1979).  Petitioner's
claim does not survive this highly deferential standard of
review.

     In his objections to the Report, Petitioner reiterates the
same argument of allegedly insufficient testimonies.

(Petitioner's Objections at 2.)  This claim, as explained above, does not survive the AEDPA standard of review.

## 2. Claim 2:  Allegedly False Testimony of James Venson

The Report recommends dismissal of Petitioner's second claim that the trial court should not have accepted the testimony of Venson, because it is procedurally barred.  (R&R at 29.)  Federal habeas review is not available if the question at hand was decided by the state court and the state court's decision is based on grounds, either procedural or substantive, independent from federal questions and are adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 729 (1991). However, if Petitioner can demonstrate either:  (1) cause and prejudice for the default, or (2) if he can show that failure to consider the claim will result in a fundamental miscarriage of justice, then the habeas court is not precluded from reviewing the claim.  See Gray v. Netherland, 518 U.S. 152, 162 (1996); see also Coleman, 501 U.S. at 750.

For a claim to be procedurally defaulted, there must be a truly independent basis for the decision that must be clear from the face of the opinion, and in order to be adequate, the state procedural rule must be established and "regularly" followed. Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000). Petitioner's claim here was rejected by the trial court as unpreserved and as

such constitutes an independent state-law procedural ground.
See People v. Chebere, 740 N.Y.S.2d 25, 26 (1st Dep't 2002).
The New York preservation rule at issue, which requires specific
contemporaneous objections to be raised to a trial court's
ruling before challenging them in an appeal is considered, is
adequate.  See New York C.P.L.R. § 470.05(2).

To allow the habeas review nonetheless, Petitioner must
show cause and prejudice or a fundamental miscarriage of
justice.  Coleman, 501 U.S. at 750.  Cause is some objective
factor, external to the defendant, which impeded Petitioner's
efforts to comply with the state's procedural rule.  Murray v.
Carrier, 477 U.S. 478, 488 (1986).  Petitioner must show that:
(1) "the factual or legal basis for a claim was not reasonably
available to counsel"; (2) "some interference by state officials
made the Petitioner's compliance [with the procedural rule]
impracticable"; or (3) "the procedural default is the result of
ineffective assistance of counsel."  Bossett v. Walker, 41 F.3d
825, 828 (2d Cir. 1994).  In order to show prejudice, Petitioner
must demonstrate that the alleged constitutional error worked to
his "actual and substantial disadvantage."  United States v.
Frady, 456 U.S. 152, 170 (1982).  Because Petitioner did not
raise an ineffective assistance claim in trial court, he cannot
raise it now under the New York preservation rule.  Because

Petitioner has not shown cause, there is no need to evaluate whether he showed prejudice.

To establish a miscarriage of justice, Petitioner must show that a constitutional violation has probably resulted in the conviction of one who is innocent and must have new evidence, not presented at trial, which carries a "stronger showing than that required to establish prejudice." Schlup v. Delo, 513 U.S. 298, 327 (1995). Here Petitioner does not present any new evidence that was not brought forward at trial. Petitioner's claim is therefore dismissed.

In his objections to the Report, Petitioner explains that he should have made the claim of false testimony under an ineffective assistance claim, arguing that his counsel is responsible for the allegedly false testimony of James Venson. (Petitioner's Objections at 5.) For reasons discussed under the section addressing the ineffective assistance claims, infra, this claim is without merit.

### 3. Claim 3 and 4:  Challenges to Evidentiary Rulings

Judge Freeman recommends dismissal of Petitioner's challenge to the supposedly "unnecessarily excessive" evidence of his involvement in drug trade (Claim 3).  (R&R at 36.) Where prejudicial evidence is "probative of an essential element in the case, its admission does not violate the defendant's right to due process." Dunnigan v. Keane, 137 F.3d 117, 125 (2d

Cir. 1998).  This Court finds that Petitioner's claim fails
because the evidence presented at trial of his involvement in
the drug trade was probative of an element of the alleged
crimes.

The Report also advises dismissal of Petitioner's challenge
of the cross-examination performed on him regarding the alleged
abuse of his ex-girlfriend (Claim 4).  (R&R at 38.)  Since this
cross-examination did not provide the basis for conviction or
serve to remove a reasonable doubt as to Petitioner's
involvement in the victim's murder, Petitioner's challenge to it
is invalid.  Dunnigan, 137 F.3d at 125.  The questioning cannot
provide the basis for habeas relief because the questions did
not give rise to a fundamentally unfair trial, violating
Defendant's right to due process.  Id.

4. Claim 5:  Summation

The Report recommends dismissal of Petitioner's claim that
the trial court had unjustifiably limited his trial counsel's
summation at the close of trial.  (R&R at 39.)  Summation is not
evidence, and a trial judge has "broad discretion" to limit both
the scope and duration of a criminal defendant's summation.
Herring v. New York, 422 U.S. 853, 862 (1975).  Petitioner was
not impeded in any way from attacking the evidence that was
actually presented at trial, and the summation's limitation was
only targeted at the defense's insinuations of prosecutorial

11

misconduct.  (R&R at 40.)  Using the standard of review set
forth in AEDPA, this Court finds proper the Appellate Division's
dismissal of the claim, because its rejection of Petitioner's
challenge to the trial court's limitation of his counsel's
summation cannot be deemed contrary to, or an unreasonable
application of, clearly established federal law.

### 5. Claim 6:  Improper Jury Instructions

Petitioner alleges that the trial court failed to instruct
the jury of the proper burden of proof regarding Petitioner's
alibi defense and that consequently his due process rights were
violated.  (§ 2254 Petition, Attachment at 1.)  The Report
recommends this Court dismiss the improper jury instruction
claim for the same reasons the second claim has been rejected.
(R&R at 41.)  New York courts have consistently held that claims
challenging jury instructions must be preserved by specific
objections at trial.  People v. Iannelli, 69 N.Y.2d 684, 685
(1986).  This claim should be dismissed as procedurally barred
because Petitioner has not shown cause nor demonstrated a
fundamental miscarriage of justice.

Although Petitioner objects to this finding, this Court
does not find a reiteration of his § 2254 Petition arguments to
be persuasive.

6. Claim 7:  Excessive Sentence

The Report finds no federal basis for Petitioner's claim of excessive sentence and therefore recommends for it to be dismissed.  (R&R at 42.)  In order to state a cognizable Eighth Amendment cruel and unusual punishment claim, Petitioner must point to a specific statute and allege it to be unconstitutional.  See United States v. Dawson, 400 F.2d 194, 200 (2d Cir. 1968).  Petitioner does not point to a statute, and his sentence does not fail to comply with state law, therefore his claim does not qualify for habeas relief.

B. Claims Raised by Petitioner in his Section 440 Motion

1. Claim 8:  The Alleged Withholding of Brady Material

Petitioner claims that the prosecution withheld cooperation agreements in contravention of Brady v. Maryland, 373 U.S. 83 (1963).  (§ 2254 Petition, Attachment at 1.)  The Report recommends dismissal of this claim by referring to Judge Patterson's dismissal of almost identical claims and arguments made by one of Petitioner's co-defendants, Cesar Martinez, in his own Brady claim.  (R&R at 44.)

If evidence favorable to the accused is suppressed upon request, his due process rights are violated where the evidence is material either to guilt or to punishment, regardless of the good faith or bad faith of the prosecution.  Brady, 373 U.S. at 87.  Mere speculation of evidence being withheld, however, is

13

"insufficient to warrant habeas relief." Mallet v. Miller, 432
F. Supp. 2d 366, 377 (S.D.N.Y. 2006). Judge Freeman  conducted
an independent in camera review of the materials in response to
Petitioner's two FOIL requests and concluded that Petitioner's
Brady claim had failed. (R&R at 46.) Additionally, when
responding to an identical claim made by one of Petitioner's co-
defendants, Cesar Martinez, Judge Patterson reasoned that the
odds of Quinones, getting a plea agreement were "nil" because
the prosecution had nothing to give him in return at the time of
the trial. Martinez v. Phillips, No. 04 Cv. 8617, 2009 U.S.
Dist. LEXIS 34847, at *79-80 (S.D.N.Y. Apr. 24, 2009).
Petitioner has failed to present this Court with evidence that
materials were improperly withheld under the Brady standard.

2. Claim 9:  Prosecutorial Misconduct for Eliciting Allegedly
   False Testimony

The Report recommends dismissal of Petitioner's claim that
the prosecution elicited false testimony from one or more
cooperating witnesses because it lacks merit. (R&R at 47.)
Petitioner has failed to demonstrate that Quinones actually had
a cooperation agreement with the government with respect to
Petitioner's case, and the state court's rejection of
Petitioner's claim did not contradict or unreasonably apply

established federal law.  For these reasons, Petitioner's claim
fails.

3. Claim 10:  Ineffective Assistance of Trial Counsel for
   Failure to Conduct an Adequate Investigation

The Report advises dismissal of this claim because the
state court's rejection of that claim was not contrary to or an
unreasonable application of established federal law.  (R&R at
48.)  Petitioner's ineffective assistance claim makes four
allegations upon which the claim rests: (1) counsel's alleged
failure to consult with Petitioner until two days before trial,
(2) counsel's alleged failure to visit the crime scene,
(3) counsel's alleged failure to interview witnesses, and
(4) counsel's alleged failure to investigate the circumstances
around Quinones' testimony.  (Id. at 49-54.)

For an ineffective assistance claim to be successful,
counsel's conduct must have "so undermined the proper
functioning of the adversarial process that the trial cannot be
relied on as having produced a just result." Strickland v.
Washington, 466 U.S. 668, 685-86 (1984).  In order to
demonstrate ineffectiveness, Petitioner must show both that:
(1) his counsel's performance was deficient to such a degree
that the "representation fell below an objective standard of
reasonableness," (id. at 688), and (2) this deficient
performance prejudiced the defense such that "there is a

15

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," (id. at 694).

Petitioner's allegation that his counsel failed to consult with Petitioner until two days before trial contradicts the state court's finding based on the proceedings that took place weeks before trial that counsel had met with Petitioner well before trial.  (See Sandusky Aff., Ex. 4 (Order, dated Dec. 19, 1999 ("12/19/99 Order")), at 3-4 (noting that counsel's "comprehensive understanding of the case" during those pre-trial proceedings made it "obvious that [counsel] had already met and extensively conferred with his client to prepare a defense").) Accordingly, this Court finds that allegation without merit.

The state court rejected Petitioner's second allegation that his counsel's failure to visit the crime scene constituted ineffective assistance because Petitioner's defense was based on a purported alibi.  (12/19/99 Order at 4.)  This Court affirms the state court's conclusion finding Petitioner's allegation without merit because Petitioner was not able to show that had his counsel visited the crime scene, Petitioner's trial would have had a different outcome.

Petitioner's third claim of ineffective assistance because of his counsel's alleged failure to interview unnamed witnesses is also dismissed, as recommended by the Report.  (R&R at 53.)

16

Without evidence to the contrary, the Court must presume that Petitioner's counsel chose for strategic reasons not to interview or call unspecified witnesses. United States ex rel. Walker v. Henderson, 492 F.2d 1311, 1314 (2d Cir. 1974) (holding that the "decision to call or bypass particular witnesses is peculiarly a question of trial strategy which courts will practically never second-guess" when considering an allegation of ineffective assistance of counsel). Not only has Petitioner not disclosed any information concerning the identity or even existence of these witnesses, he has not shown that he suffered prejudice from his counsel's failure to interview them and has not shown that the verdict would have been altered had the interviews taken place.

Lastly, the Report recommends dismissal of Petitioner's allegation that he suffered from ineffective assistance due to his counsel's alleged failure to investigate the surroundings of Quinones' testimony. (R&R at 53.) Petitioner has not come forth with any evidence that further investigation on the circumstances surrounding Quinones' testimony would have revealed that he was a government informant. Petitioner's allegation fails both prongs of the Strickland test.

In his objections to the Report, Petitioner attempts to make his second claim, the allegedly false testimony of James Venson, an additional issue of ineffective assistance.

17

(Petitioner's Objections at 3.)  However, this claim is rejected
for the same reasons Petitioner's ineffective assistance claim
based on his counsel's failure to investigate the surroundings
of Quinones' testimony fails, namely, that Petitioner has not
come forth with any evidence showing that such testimonies were
suspicious and that the claims fail to satisfy either prong of
the test articulated in Strickland.

Petitioner's ineffective assistance claim is dismissed on
the merits.  None of Petitioner's allegations give rise to
claims upon which habeas relief can be granted.

    4. Claim 11:  Double Jeopardy

Petitioner claims that the prosecution's alleged misconduct
at trial should preclude the government from retrying the case
should he receive relief from judgment of the conviction.  (R&R
at 54.)  This claim is dismissed because Petitioner does not
face a second trial, and this Court is not ordering a new trial.

C. Newly Added Claims

    1. Claim 12:  Alleged Denial of Due Process Rights in
        Connection with Efforts to Obtain Purported Brady Material

Petitioner claims that his right to due process was
violated when the trial court failed to conduct an in camera
inspection of the prosecution's files.  (§ 2254 Petition,
Attachment at 1.)  The Report recommends dismissal of this claim
both procedurally and on the merits.  (R&R at 55 ("This claim is

18

unexhausted but should be dismissed on the merits
nonetheless.").)

When a defendant does not require a particular file, but
merely makes a general request for exculpatory material under
Brady, it is up to the State to decide what information to
disclose.  See Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987)
("Defense counsel has no constitutional right to conduct his own
research of the State's files to argue relevance.").  Judge
Freeman has reviewed Petitioner's supposed evidence that
documents were withheld and has conducted an in camera review of
the documents without finding any exculpatory evidence or
anything that suggests any was ever withheld.  (R&R at 56.)
Petitioner's failure to show that any exculpatory evidence would
have been disclosed had the trial court conducted an in camera
review fails to demonstrate a violation of Petitioner's due
process rights.  Ritchie, 480 U.S. at 58 (noting that, where
trial court failed to conduct an in camera review of certain
confidential documents, the conviction would stand if subsequent
review revealed that "the nondisclosure was harmless beyond a
reasonable doubt").  Accordingly, Petitioner's due process claim
is without merit.

19

2. Claim 13:   Ineffective Assistance of Counsel Based Upon
   Failure to Explore the Circumstances Surrounding Quinones'
   Testimony

Petitioner alleges that he received ineffective assistance
because his counsel "failed to fully explore the circumstances
[under which] Quinones testified." (Sandusky Aff., Ex. 19
(Affirmation in Support Motion to Amend FRCP Rule 15d, dated
Nov. 5, 2007), at 34-39.)  In the Report, Judge Freeman explains
that if this claim is a reiteration of Claim 10, it should be
rejected on the same grounds, namely, that the state court's
rejection of the claim was not contrary to or a reasonable
construction of established federal law.  (R&R at 57.)

If, however, Petitioner challenges (1) trial counsel's
failure to subpoena certain documents and request in camera
review of certain documents withheld by the prosecution' and
(2) the adequacy of counsel's cross-examination of Quinones at
trial, then Petitioner's claim is unexhausted but the Report
advises this court to dismiss it on the merits nonetheless.
(R&R at 57.)

Petitioner's failure to demonstrate the actual existence of
material evidence that was not disclosed prior to his trial
prevents him from prevailing on the first allegation.
Petitioner's counsel cannot be faulted for failing to obtain

20

documents that Petitioner has not shown existed.  The defense counsel's "vigorous cross-examination (and re-cross)" of Quinones does not support Petitioner's allegation of ineffective counsel.  (R&R at 58.)  Additionally, the allegation fails the two-prong Strickland test. As such, this Court dismisses Petitioner's unexhausted claim on its merits.

Petitioner's objections to the Report maintain both the Brady material claims as well as the ineffective assistance claims.  In his objections, some of the previous claims are shuffled around to fall under one of these two categories.  For example, Petitioner claims that the allegedly false nature of the testimonies at his trial would have been exposed by an effective counsel and should therefore be added as an additional ineffective counsel allegation.  (Petitioner's Objections at 5.) Petitioner also argues that his trial counsel failed to preserve a viable due process claim.  (Id. at 16.)  As to the Brady material, Petitioner does not present this Court with any evidence that would contradict Judge Freeman's findings. Petitioner's arguments for his Brady material claim only consist of speculation and do not rely on any evidence.  Accordingly, this Court finds all of Petitioner's objections without merit as they constitute a reiteration of Petitioner's original § 2254 Petition.

CONCLUSION

Having reviewed the Judge Freeman's Report and Petitioner's objections, I find Petitioner's objections to be without merit, and I find the balance of the Report to be well-reasoned and thoroughly grounded in the law.  Accordingly, it is hereby ORDERED that the Report [dkt. no. 28] is adopted in all respects and Petitioner's request to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254 is [dkt. no. 2] DENIED.

SO ORDERED.

Dated: New York, New York
       September 12, 2013

_Loretta A. Presley_
UNITED STATES DISTRICT JUDGE

22